Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
Rafaela P. Castells, CA Bar No. 290828
MALTZMAN & PARTNERS, P.A.
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile: (760) 942-9882
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
gabn@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN STOBAUGH and MARY STOBAUGH,<br><br>Plaintiffs,<br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a Bermuda Corporation; and DOES 1 to 20,<br><br>Defendants. | CASE NO.: 2:21-CV-00870<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1333, 1441(a), and 1446, and for the same reasons as set forth in *Maa v. Carnival Corp. & Plc*, No. 20-6341-DSF, 2020 WL 5633425, at *5 (C.D. Cal. Sept. 21, 2020), Defendant Princess Cruise Lines, Ltd., hereby gives notice of removal of the action, captioned *Stobaugh et al. v. Princess Cruise Lines, Ltd.*, bearing Case No. 20STCV00680, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. § 1446(a), Defendant provides the following statement of grounds for removal.

## I. PROCEDURAL HISTORY OF ACTION

1. Plaintiff commenced this lawsuit in the Superior Court of California, County of Los Angeles, by filing a complaint in Case No. 20STCV00680 on or about January 8, 2021.

2. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true and correct copies of the summons and Complaint, as well other process, pleadings, and orders served upon Princess Cruise Lines, Ltd. (*See* Exhibit A)

## II. FEDERAL JURISDICTION

3. This case is removable under 28 U.S.C. § 1441(a), which provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. This case is one "of which the district courts of the United States have original jurisdiction" because it falls within federal admiralty jurisdiction under 28 U.S.C. § 1333(1), which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (2001) (explaining that admiralty cases fall within federal courts' original jurisdiction).

5. The Complaint makes clear that this case falls within federal admiralty jurisdiction under § 1333(1). Plaintiffs allege that they contracted COVID-19 aboard the *Grand Princess*, a cruise ship operated by Defendant Princess Cruise Lines Ltd., as it sailed in Hawaii. (Compl. ¶¶ 32-33, 35-36, 71.) Federal courts have admiralty jurisdiction when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity."

*Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) ((quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995))). And admiralty jurisdiction governs whether or not plaintiffs label their case an admiralty case. *See Adamson v. Port of Bellingham*, 907 F.3d 1122, 1126 (9th Cir. 2018). Plaintiffs' case is unquestionably an admiralty case and thus is removable under § 1441(a).

6. For two independent reasons, Plaintiffs cannot rely on § 1333(1)'s "savings to suitors" clause to prevent removal.

7. *First*, Plaintiffs through a contractual forum selection clause have waived their ability to proceed in state court, even if they otherwise might be able to proceed in state court under the savings-to-suitors clause. *See Maa*, 2020 WL 5633425, at *5 (holding that passengers on *Coral Princess* waived right to object to removal of COVID-19 lawsuit to federal court by agreeing to passenger contract that contained federal forum selection clause).

8. Princess's Passage Contract, which passengers must agree to before boarding the *Grand Princess*, states unequivocally that:

> All claims or disputes involving Emotional Harm, bodily injury, illness to or death of any Guest whatsoever, including without limitation those arising out of or relating to this Passage Contract or Your Cruise, *shall be litigated in and before the United States District Courts for the Central District of California in Los Angeles*, or as to those lawsuits over which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Los Angeles County, California, U.S.A., to the exclusion of the courts of any other country, state, city, municipality, county or locale. You consent to jurisdiction and waive any objection that may be available to any such action being brought in such courts.

See Princess, *Passage Contract* § 15(B)(i) (emphasis added), https://www.princess.

com/legal/ passage_contract/pcl.html.[1] Plaintiffs point to and acknowledge this specific section of the Passage Contract in their Complaint. (Compl. ¶ 13-15.)

9. Allen Stobaugh and Mary Stobaugh agreed to the terms of the Passage Contract, including the forum selection clause, before embarking on the *Grand Princess*. (Decl. of Collin Steinke, ¶ 8-15, 18; attached hereto as Exhibit B). Although Plaintiffs allege that "[they] were never able to locate the Passage Contract prior to boarding the *Grand Princess* on February 21, 2020," Compl. ¶ 13, the records maintained by Princess show that they did in fact have an opportunity to review and accept the Passage Contract before boarding. On December 14, 2019, Plaintiffs completed the online Cruise Personalizer for their cruise. Steinke Decl. ¶ 18(a). In the first step of completing the Cruise Personalizer, the Passage Contract for Plaintiffs' cruise appeared in a window on the screen and could be reviewed in its entirety without selecting any additional links. *Id.* ¶¶ 7-9. Plaintiffs could not proceed past this screen to complete the Cruise Personalizer without first affirmatively clicking a box to indicate that they accepted the Passage Contract. *Id.* ¶¶ 8-9. As noted, Plaintiffs expressly accepted the terms and conditions in the Cruise Personalizer on December 14, 2019. *Id.* ¶ 18(a).

10. The Passage Contract's forum selection clause by its terms applies to this case. The Complaint seeks damages for intentional battery and negligence per se both based on Plaintiffs' alleged contraction of COVID-19 onboard the vessel. (Compl. ¶ 54-63, 67). And as explained, this is not a "lawsuit[] over which the Federal Courts of the United States lack subject matter jurisdiction" because it falls within federal admiralty jurisdiction, 28 U.S.C. § 1333. *See Maa*, 2020 WL 5633425, at *5.

---

[1] The Passage Contract identifies Princess as the "Carrier," and in Section 1 provides that "all of Carrier's rights, exemptions from liability, defenses and immunities under this Passage Contract (including, but not limited to, those described in Section[]…15) will also inure will also inure to the benefit of" any of the Carrier's "affiliated or related companies."

11. The Passage Contract's forum selection clause is valid and enforceable. The Ninth Circuit has squarely held that a plaintiff can waive his ability to file an admiralty case in state court pursuant to the savings-to-suitors clause. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001); *see also Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) (applying forum selection clause in removal context). Another court in this District reached the same conclusion in denying a motion to remand filed by passengers on the *Coral Princess* who agreed to a materially identical passage contract that plaintiffs here agreed to. *See Maa*, 2020 WL 5633425, at *5. And a California appellate court has held that the very forum selection clause at issue here is enforceable and precludes litigation of admiralty cases in state court, notwithstanding the savings-to-suitors clause. *Korman v. Princess Cruise Lines, Ltd.*, 32 Cal. App. 5th 206, 223 (2019) (dismissing case filed in state court); *see also DeRoy v. Carnival Corp.*, ___F.3d__, 2020 WL 3525536, at *9 (11th Cir. June 30, 2020) (enforcing similar forum selection clause and holding that it required plaintiffs to file suit in federal court); *Oltman v. Holland America Line USA, Inc.*, 178 P.3d 981 (Was. 2008) (similar).

12. *Second*, under the new language contained in 28 U.S.C. § 1441(b), this case is removable even absent the Passage Contract. Previously 28 U.S.C. § 1441(b) provided cases could be removed as "a civil action … of which the district courts of the United States have original jurisdiction" only so long as the case was "founded on a claim or right **arising under** the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b) (2006). Several courts interpreted this prior language to mean that admiralty cases were not removable to federal court unless there was an independent basis for federal subject matter jurisdiction beyond admiralty. *See, e.g.*, *Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003); *see also Morris v. Princess Cruises*, 236 F.3d at 1069 (suggesting the same). The rationale of these decisions was that admiralty claims, although within the original jurisdiction of federal district courts under 28 U.S.C. § 1333, do not

technically "aris[e] under" federal law as a substantive matter. *See TE Marine*, 344 F.3d at 444.

13. But significantly, Congress in 2011 eliminated § 1441's "arising under" limitation. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 759. The statute now broadly permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless "otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a) (2018). As several courts have now held, this critical change makes admiralty cases removable: There is no question that an admiralty case is "a civil action … of which the district courts of the United States have original jurisdiction," and thus it is removable regardless of whether it arises under federal law. *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 817 (7th Cir. 2015); *Genusa v. Asbestos Corp.,* 18 F. Supp. 3d 773, 790 (M.D. La. 2014); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).

14. Thus, even if Plaintiffs had not contractually waived any right to file suit in state court—and they have waived that right—this case remains removable under § 1441(a) because, as an admiralty case, it falls within the original jurisdiction of federal district courts.

### III. VENUE

15. The Superior Court of California, County of Los Angeles, is located within the Central District of California. Removal to this Court thus satisfies the venue requirement of 28 U.S.C. § 1446(a). In addition, the Passage Contract (cited at Compl. ¶ 12-15) specifies that venue is proper in the Central District of California.

### IV. TIMELINESS

16. Plaintiffs filed in the state court and Princess Cruise Lines Ltd. acknowledged service of process on January 13, 2021. Princess Cruise Lines, Ltd., removes this action within 30 days of January 13, 2021 and this Notice of Removal

is therefore timely under 28 U.S.C. § 1446(b)(1).

## V. NOTICE

17. The written notice required by 28 U.S.C. § 1446(d) will be filed simultaneously in the Superior Court of California, County of Los Angeles, with the filing of this Notice of Removal and will be promptly served on Plaintiffs.

## VI. RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

18. By filing this notice of removal, Defendant does not waive any legal defenses and expressly reserves its rights to raise any and all legal defenses in subsequent proceedings.

19. If any question arises as to the propriety of this removal, Defendant requests the opportunity to present written and oral argument in support of removal.

## VII. CONCLUSION

20. WHEREFORE, Princess Cruise Lines, Ltd., hereby removes this lawsuit from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1333, 1441, and 1446 (and any other applicable laws).

DATED: January 29, 2021     MALTZMAN & PARTNERS

By: *s/ Edgar R. Nield*
Jeffrey B. Maltzman
Edgar R. Nield
Gabrielle De Santis Nield
Rafaela P. Castells
*Attorneys for Defendant,*
*Princess Cruise Lines Ltd.*